IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

JUAN AGUILAR CORTEZ,

        Defendant.
_____/

CR. NO. S-95-0020 EJG
CR. NO. S-96-0089 EJG
CIV. NO. S-98-2457 EJG

<u>ORDER DENYING MOTION TO VOID JUDGMENT;ORDER TRANSFERRING SUCCESSIVE § 2255 MOTION TO NINTH CIRCUIT</u>

    Defendant, a federal prisoner proceeding <u>pro se</u>, has filed a "Motion to Void Judgment on Jurisdictional Grounds".  After reviewing the record and the documents submitted, as well as the applicable law, the court has determined that the motion should be construed as a successive § 2255 petition and transferred to the Ninth Circuit Court of Appeals.

<u>BACKGROUND</u>

    Defendant was convicted, following a jury trial, of multiple counts of drug trafficking (Cr. No. S-95-0020 EJG) and a single count of gun possession (Cr. No. S-96-0089 EJG).  He was sentenced November 4, 1996 to a term of life imprisonment.  His conviction and sentence were affirmed by the Ninth Circuit Court

1

of Appeals in an unpublished memorandum. United States v. Cortez, Nos. 96-10516, 96-10538 (9th Cir., filed September 26, 1997). Since the affirmance of his conviction defendant has mounted numerous challenges in post-conviction proceedings, the history of which is well-documented in prior orders of the court.[1] The pending motion is another attempt by defendant to vacate his convictions.

## DISCUSSION

Reduced to its essence, defendant's motion to void judgment seeks to vacate his drug trafficking convictions on the grounds that the issue of drug quantity was not submitted to the jury for decision but was instead determined by the court as a sentencing factor. In effect, defendant is arguing that he is entitled to retroactive application of the Supreme Court's Apprendi v. New Jersey decision, and its Ninth Circuit progeny. As the government points out, this is the third time defendant has raised this issue, first under the guise of a motion for reconsideration of denial of his § 2255, second, as a motion to re-open his § 2255 pursuant to Federal Rule of Civil Procedure 60(b), and now as a motion to void his criminal conviction for lack of jurisdiction, again pursuant to Rule 60(b).

---

[1] Order Denying Motion to Vacate, Set Aside or Correct Sentence, filed January 25, 2001; Order Transferring Successive 2255 Motion to Court of Appeals, filed February 26, 2001; Order Denying Request for Certificate of Appealability, filed May 4, 2001; Order Denying Motion to Reconsider, Transferring Successive Petition to Ninth Circuit, filed February 8, 2005.

The vehicle defendant is attempting to utilize, Federal Rule of Civil Procedure 60(b), is not appropriate for what he seeks to accomplish.  The Rules of Civil Procedure may be used in the context of habeas proceedings only to the extent they are not inconsistent with the statutory provisions and rules that apply to those proceedings.  Fed. R. Civ. P. 81(a)(2).

The Supreme Court recently spelled out the distinction between a successive habeas petition and a Rule 60(b) motion, and noted that the title appended to the motion is not determinative. See Gonzalez v. Crosby, 125 S.Ct. 2641 (2005).  A motion, even though labeled as one under Rule 60(b), will be treated as a second or successive habeas petition, and thus subject to the rules affecting successive petitions, if it raises a "claim" as that term is defined in 28 U.S.C. § 2244(b).  "[A] 'claim' is an asserted federal basis for relief from a state court's judgment of conviction." Gonzalez, 125 S.Ct. At 2647.[2]  If the motion attacks the validity of the criminal conviction or sentence, it is a collateral attack under § 2255, no matter what its label. Examples of such motions include those seeking to present newly discovered evidence in support of a claim previously denied, motions claiming excusable neglect for failure to raise a claim

---

[2] Although Gonzalez was decided in the context of a federal challenge to a state conviction arising under 28 U.S.C. § 2254, the principle has been applied to federal habeas petitions under § 2255 as well by circuit and district courts that have decided the issue. See United States v. Scott, 414 F.3d 815 (7th Cir. 2005); United States v. Bell, 159 Fed. Appx. 48 (10th Cir. 2005). See also, United States v. Battle, 2006 WL 749460 (D. Kan., filed March 22, 2006); United States v. Wynne, 2006 WL 3348505 (E.D. Cal., filed November 16, 2006).

earlier, and motions contending that subsequent changes in the law warrant relief. In each instance, such a document, "although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly." Gonzalez, 125 S.Ct. at 2647.

On the other hand, if the motion attacks the integrity of the habeas *proceedings*, for example challenging the court's failure to reach the merits of the habeas petition, the motion may properly be considered to arise under Rule 60(b). Gonzalez, 125 S.Ct. at 2651. Here, defendant wants the benefit of the rule of law decided by Apprendi and its progeny applied to his conviction. However, since Apprendi was not made retroactive on collateral attack by the Supreme Court, any attempt by defendant to raise it post-conviction will be unavailing. In a case similar to the one at bar, the court held that defendant's 60(b) motion was in effect a successive § 2255 petition. United States v. Battle, 2006 WL 479460 (D. Kan, filed March 22, 2006). There the defendant claimed "entitlement to relief from his sentence based on the impropriety of judicial fact-finding at sentencing under the regime set out in the United States Sentencing Guidelines." Battle, 2006 WL 479460 *3. However, the district court, citing Gonzalez, concluded that such claims were habeas claims not properly brought in a 60(b) motion.

Based on the foregoing, the court finds that defendant's motion is, in substance, a successive § 2255 motion. As such,

4

pre-filing authorization is required from the appellate court. Accordingly, as it has done on two prior occasions in this case, the court is transferring defendant's motion to the appellate court.  The Clerk of Court is directed to transfer this motion to the Ninth Circuit Court of Appeals.  <u>See</u> 28 U.S.C. § 1631 (transfer in the interests of justice).  <u>See</u> <u>also</u> Ninth Circuit Rule 22-3 (successive § 2255 shall be referred by district court to appellate court.)

  IT IS SO ORDERED.

Dated: May 2, 2007

/s/ Edward J. Garcia
EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT

5