UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> v.<br><br>JUAN AGUILAR CORTEZ,<br><br>    Defendant. | CR. NO. 2:95-20 WBS<br><br><br>**ORDER** |

----oo0oo----

On June 5, 1996, defendant Juan Aguilar Cortez was found guilty by jury verdict of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). (Presentence Report ("PSR") ¶ 1; see Docket Nos. 8, 121.) The offenses involved a total of 2,235 grams of methamphetamine and 3,132 grams of marijuana. (PSR ¶ 13.)

The differing drugs were converted to their marijuana

1

equivalencies pursuant to § 2D1.1 of the 1995 United States Sentencing Commission Guidelines Manual ("U.S.S.G."). Under the Drug Equivalency Table, one gram of methamphetamine converted to one kilogram of marijuana, and this resulted in a total quantity of 2,238.132 kilograms of marijuana. (PSR ¶ 13); see U.S.S.G. § 2D1.1 cmt. n.10 (1995).

Section 841(b)(1)(A) imposed a "mandatory term of life imprisonment without release" if a defendant with two or more prior felony drug convictions committed a violation involving at least 1,000 kilograms of marijuana or 100 grams of methamphetamine. See 21 U.S.C. § 841(b)(1)(A)(vii)-(viii) (1996) (amended 1998).[1] Because defendant had at least two prior felony drug convictions, the court sentenced defendant to life imprisonment without the possibility of parole. (PSR ¶¶ 20-24; Docket Nos. 139, 143).

Defendant now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines. (Docket No. 259.) That amendment retroactively modifies § 2D1.1's Drug Quantity Table and reduces by two points the base offense level for most federal drug offenses. See U.S.S.G. App. C, Amend. 782 (2014).

To grant a motion under 18 U.S.C. § 3582(c)(2), the "court must first determine that a reduction is consistent with § 1B1.10." Dillon v. United States, 560 U.S. 817, 826-27 (2010).

---

[1] The current, amended version of the statute is identical to the version that was in effect when defendant was sentenced, except it requires only 50 grams of methamphetamine to trigger the mandatory minimum sentence of life imprisonment. Id. § 841(b)(1)(A)(viii) (2016) (amendment effective Oct. 21, 1998).

A reduction in the defendant's term of imprisonment is not consistent with § 1B1.10 if an amendment is inapplicable to the defendant's term of imprisonment. See U.S.S.G. § 1B1.10 (1995 & 2015).

Defendant here was sentenced based on the statutory mandatory minimum sentence, and not on a sentencing range that has been lowered by the Sentencing Commission. Amendment 782's changes to the Drug Equivalency Tables in U.S.S.G. § 2D.1 also do not affect defendant's statutory minimum sentence. The current tables convert one gram of methamphetamine to <u>two</u> kilograms of marijuana, which equal a total quantity of 4,473.132 kilograms of marijuana and therefore still mandate a "mandatory term of life imprisonment without release" pursuant to § 841(b)(1)(A). See U.S.S.G. § 2D1.1 cmt. n.8(D) (2015).

Accordingly, because defendant was not sentenced based on a sentencing range that has been lowered by the Sentencing Commission, and his statutory mandatory minimum sentence would be the same even if Amendment 782 were in effect at the time of sentencing, defendant does not qualify for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and the court must therefore deny his motion.

IT IS THEREFORE ORDERED that defendant's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c) (Docket No. 259) be, and the same hereby is, DENIED.

Dated: February 11, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE