UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN AGUILAR CORTEZ,<br><br>Defendant. | CR. NO. 2:95-20 WBS;<br>CV. NO. 2:15-1433 WBS<br><br>**ORDER** |

----oo0oo----

Petitioner Juan Aguilar Cortez has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (Docket No. 262.)  For the reasons explained below, the court must dismiss petitioner's motion for lack of jurisdiction.

I.   Factual and Procedural Background

On June 5, 1996, petitioner was found guilty by jury verdict of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, possession with intent to distribute methamphetamine in violation

1

of 21 U.S.C. § 841(a)(1), and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). (Docket Nos. 9, 127; Pl.'s Opp'n App. 1 (Docket No. 283).)

Petitioner's drug trafficking counts involved a total of 2,235 grams of methamphetamine and 3,132 grams of marijuana. (Presentence Report ("PSR") ¶ 13; Docket No. 9.)  The differing drugs were converted to their marijuana equivalencies under § 2D1.1 of the 1995 United States Sentencing Commission Guidelines Manual ("U.S.S.G."), resulting in a total quantity of 2,238.132 kilograms of marijuana.  (PSR ¶ 13); see U.S.S.G. § 2D1.1 cmt. n.10 (1995).

28 U.S.C. § 841(b)(1)(A) required the imposition of a "mandatory term of life imprisonment without release" if a defendant with two or more prior felony drug convictions committed a violation involving at least 1,000 kilograms of marijuana or 100 grams of methamphetamine.  See 21 U.S.C. § 841(b)(1)(A)(vii)-(viii) (1996) (amended 1998).[1]  The government had filed an Information charging petitioner with three prior drug felony convictions pursuant to 21 U.S.C. § 851. (PSR ¶¶ 20-24; Docket No. 12; Pl.'s Opp'n App. 2.)  Because petitioner had at least two prior felony drug convictions, he was sentenced to life imprisonment without the possibility of parole. (PSR ¶¶ 20-24; Docket Nos. 139, 143; Pl.'s Opp'n App. 4.). Petitioner's convictions and sentence were subsequently affirmed

---

[1] The current, amended version of the statute is identical to the version that was in effect when petitioner was sentenced, except it requires only 50 grams of methamphetamine to trigger the mandatory minimum sentence of life imprisonment. Id. § 841(b)(1)(A)(viii) (2016) (amendment effective Oct. 21, 1998).

2

by the Ninth Circuit.  (Docket No. 164).

In 1998, petitioner filed his first § 2255 motion raising four issues: (1) ineffective assistance of counsel; (2) failure to grant an informant immunity; (3) violation of 18 U.S.C. § 201(c)(2); and (4) prosecutorial misconduct during trial.  (Docket No. 171.)  The court denied petitioner's § 2255 motion on the merits.  (Docket Nos. 193, 198.)

Petitioner then filed a motion for reconsideration of the denial and included a new claim for relief under Apprendi v. New Jersey, 120 S.Ct. 2348 (2000).  (Docket No. 194.)  Because this claim was not included in petitioner's original § 2255 motion, the court construed the motion to reconsider as an application to file a second or successive § 2255 motion and transferred it to the Ninth Circuit for consideration.  (Docket No. 195.)  The Ninth Circuit denied petitioner's application to file a second or successive § 2255 motion.  (Docket No. 200.)

In 2005 to 2006, petitioner attempted to raise his Apprendi claim under the guise of a motion to reopen his original § 2255 petition pursuant to Federal Rule of Civil Procedure 60(b) and a motion to void his conviction for lack of jurisdiction, also pursuant to Rule 60(b).  (Docket Nos. 205, 216.)  The court construed both motions as successive § 2255 motions and transferred them to the Ninth Circuit, which denied them.  (See Docket Nos. 207, 211, 219.)

In September 24, 2014, United States Attorney General Eric Holder issued a memorandum entitled "Guidance Regarding § 851 Enhancements In Plea Negotiations."  (Pet'r's Mot. Attach. A. (Docket No. 262).)  That memorandum stated that prosecutors

3

should not use 21 U.S.C. § 851 sentencing enhancements "in plea negotiations for the sole or predominant purpose of inducing a defendant to plead guilty." (Id.)

Petitioner filed the instant § 2255 motion arguing that Holder's memorandum (1) extended the one-year statute of limitations for filing a § 2255 motion pursuant to § 2255(f)(4); and (2) supported his claim that the government's Information charging him with three prior drug felony convictions pursuant to 21 U.S.C. § 851, (Docket No. 12), constituted selective and discriminatory prosecution in violation of his constitutional rights. On those grounds, petitioner requests that the court permit him to conduct discovery regarding his selective prosecution claim, and that the court resentence him without the 21 U.S.C. § 851 enhancements. (Pet'r's Mot. at 8; Pet'r's Reply at 5-7 (Docket No. 289.).)

II. Analysis

The Antiterrorism and Effective Death Penalty Act ("AEDPA") "imposes significant limitations on the power of federal courts to award relief to prisoners who file 'second or successive' habeas petitions." United States v. Lopez, 577 F.3d 1053, 1059 (9th Cir. 2009). "A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011).

Section 2255(h) provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." Section 2244(b)(3)(A), in

1  turn, provides that "[b]efore a second or successive application
2  permitted by this section is filed in the district court, the
3  applicant shall move in the appropriate court of appeals for an
4  order authorizing the district court to consider the
5  application."

6  　　　　　The requirements of section 2255(h) "create[] a
7  jurisdictional bar to the petitioner's claims: 'If the petitioner
8  does not first obtain [the Ninth Circuit's] authorization, the
9  district court lacks jurisdiction to consider the second or
10 successive application.'"  Ezell v. United States, 778 F.3d 762,
11 765 (9th Cir. 2015) (quoting Lopez, 577 F.3d at 1061).  Thus,
12 "[a] second or successive § 2255 petition may not be considered
13 by the district court unless petitioner obtains a certificate
14 authorizing the district court to do so."  Alaimalo v. United
15 States, 645 F.3d 1042, 1054 (9th Cir. 2011) (citing 28 U.S.C.
16 § 2255(h)).

17 　　　　　As discussed above, petitioner has filed several
18 successive § 2255 petitions.  There is no indication that
19 petitioner has sought or obtained the requisite certificate from
20 the Ninth Circuit authorizing him to file the instant § 2255
21 motion.  Because petitioner has failed to obtain authorization
22 from the Ninth Circuit as required by § 2255(h), this court lacks
23 jurisdiction to consider his § 2255 motion and must therefore
24 dismiss it.  See Burton v. Stewart, 549 U.S. 147, 149 (2007) (per
25 curiam) (directing the district court to dismiss an unauthorized
26 habeas petition for lack of jurisdiction); Washington, 653 F.3d
27 at 1065 (holding that the district court lacked jurisdiction to
28 entertain the petitioner's successive § 2255 motion because the

Ninth Circuit had not issued a certificate authorizing such a motion); United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998) (holding that the district court lacked jurisdiction to consider the merits of a successive § 2255 claim where the petitioner did not request the requisite certification from the Ninth Circuit).

In arguing that the court has jurisdiction to address the merits of his § 2255 motion, petitioner cites United States v. Norbury, 492 F.3d 1012, 1014-15 (9th Cir. 2007) and United States v. Suarez, 682 F.3d 1214, 1220 (9th Cir. 2012). (Pet'r's Reply at 6.) Those decisions, however, address direct criminal appeals and do not, as petitioner contends, "address the issue of finality and retroactive application of law under § 2255." (Id.)

Norbury and Suarez are also factually distinguishable from the present case. Norbury involved a defendant whose prior state-court conviction was later dismissed by the state court. Norbury, 492 F.3d at 1014. No such facts existed here. (See Docket No. 12; Pl.'s Opp'n App. 2.) In Suarez, the defendant's prior drug possession charge was dismissed after he completed a drug rehabilitation program pursuant to California's deferred judgment program for first-time drug offenders. Suarez, 682 F.3d at 1216. None of these circumstances existed in the present case. (See Docket No. 12; Pl.'s Opp'n App. 2.)

Accordingly, because the court lacks jurisdiction to consider petitioner's unauthorized successive § 2255 motion, the court must dismiss petitioner's present motion. Cf. Buenrostro v. United States, 697 F.3d 1137, 1139 (9th Cir. 2012) (observing that the district court properly dismissed an unauthorized § 2255

6

motion for lack of jurisdiction).

        IT IS THEREFORE ORDERED that petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket No. 262) be, and the same hereby is, DENIED, and the pending motion is hereby DISMISSED for lack of jurisdiction.[2]

Dated: February 16, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2] Circuit Rule 22-3(a) states that "[i]f a second or successive [§ 2255] petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." 9th Cir. R. 22-3(a) (emphasis added). At least fourteen district judges in the Central District of California have held that the term "shall" in Rule 22-3(a) means that the action is mandatory, and not optional or discretionary. See Karim v. Valenzuela, Civ. No. LA-14-9500 VBF, 2014 WL 7338827, at *3-4 (C.D. Cal. Dec. 19, 2014). It does not appear, however, that the Ninth Circuit shares the Central District's strict interpretation of Rule 22-3(a). The Ninth Circuit has routinely affirmed district courts that have dismissed unauthorized habeas petitions without referring such petitions to the Circuit. E.g., Stinson v. Knowles, 357 F. App'x 910 (9th Cir. 2009). Several decisions in this district have also observed that "[t]he district court has discretion to either transfer that petition to the court of appeals or to dismiss the petition." Rameses v. Kernan, Civ. No. S-04-1173 GEB GGH, 2010 WL 3954707, at *1 (E.D. Cal. Oct. 8, 2010), report and recommendation adopted in full, 2010 WL 5168698 (E.D. Cal. Dec. 13, 2010).

7