UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>    v.<br><br>JUAN AGUILAR-CORTEZ,<br><br>    Defendant. | CR. NO. 2:95-0020 WBS<br><br>ORDER RE: MOTION TO VACATE |

----oo0oo----

On July 19, 2017, defendant Juan Aguilar-Cortez filed a Motion to Vacate, in which he requests that the court reduce his sentence of life without parole to time served. (Docket No. 303.) In his view, such a sentence is warranted given his good behavior in prison, lack of violence or guns in his crimes, and his lack of a significant prior criminal record. He relies on the district court case United States v. Holloway, 68 F. Supp. 3d 310 (E.D.N.Y. 2014), for the proposition that "district courts

1

have the discretion, inherent in our American system of justice to reduce a defendant's sentence in the interest of fairness," which he describes as the "Holloway Doctrine." He does not claim any error, constitutional or otherwise, in the proceedings underlying his three federal drug trafficking convictions or his resulting three concurrent life sentences.

The court notes that it previously dismissed defendant's motion to vacate filed July 2, 2015 (Docket No. 262), as defendant had filed several successive petitions under 28 U.S.C. § 2255 and there was no indication that petitioner had sought or obtained the requisite certificate from the Ninth Circuit authorizing him to file a successive § 2255 motion. (Order Feb. 16, 2016 (Docket No. 291)) (citing, inter alia, Burton v. Stewart, 549 U.S. 147, 149 (2007) (per curiam) (directing the district court to dismiss an unauthorized habeas petition for lack of jurisdiction)); 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."); Ezell v. United States, 778 F.3d 762, 765 (9th Cir. 2015) ("If the petitioner does not first obtain [the Ninth Circuit's] authorization, the district court lacks jurisdiction to consider the second or successive application.") (citation omitted)).[1]

Here, even assuming that defendant's instant Motion is not a successive petition barred under 28 U.S.C. § 2255(h), the

---

[1] Defendant also filed a § 3582 motion, which the court denied because defendant was sentenced based on the statutory mandatory minimum sentence (a mandatory life sentence based on at least two prior felony drug convictions and the quantity of drugs involved), and not based on a sentencing range that had been lowered by the Sentencing Commission. (Docket No. 261.)

2

court has no authority to grant the requested relief.  As discussed by one other court faced with a similar motion, a motion to reduce a sentence under the "Holloway Doctrine" "is not pursuant to any valid basis under Fed. R. Crim. 35, or 18 U.S.C. § 3582(c), and the court has no inherent power to reduce defendant's sentence." United States v. Smith, Case No. 2:06-cr-42-FtM-29SPC, 2017 WL 2889307, *2 (M.D. Fla. 2017); see also United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997) ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization.").

Indeed, the Holloway court's vacating of the defendant's sentence was not based on the court's inherent power to reduce a sentence in the interests of fairness or for any other reasons.  Rather, it was the United States' decision to dismiss two counts against the defendant which allowed the Holloway court to vacate the defendant's sentence. Holloway, 68 F. Supp. 3d at 314-16 (noting that "there were good reasons to revisit Holloway's excessive sentence but no legal avenues or bases for vacating it," leading the court to request that the government consider agreeing to vacate at least some of Holloway's convictions); see also Smith, 2017 WL 2889307, at *2 (denying motion to reduce sentence where government had not agreed to a reduction, noting that the defendant in Holloway "would not have been eligible for relief without the government's agreement").

Here, the government has not agreed to a dismissal of any counts against defendant in this case.  Nor has the

3

government agreed to a reduction of defendant's sentence.  Thus, even assuming that this court agreed that a reduction in sentence was appropriate in light of defendant's circumstances and in the interest of fairness, the court lacks authority to grant such a reduction.  Accordingly, the court must deny the Motion.

        IT IS THEREFORE ORDERED that defendant's Motion to vacate his sentence (Docket No. 303) be, and the same hereby is, DENIED.

Dated:  October 13, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4