UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JUAN AGUILAR-CORTEZ,<br><br>　　　　Defendant. | No. 2:95-cr-20-01 WBS<br><br><br>ORDER |

----oo0oo----

Defendant Juan Aguilar-Cortez has filed a motion[1] for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Docket No. 326.)[2]

The court recognizes that defendant is 63, is overweight, has various medical conditions including type II

---

[1] The court ordered that defendant file any reply to the government's opposition within 21 days from the date of filing of such opposition. (Docket No. 327.) The government's opposition was filed on December 18, 2020, and no reply has been received.

[2] The government concedes that defendant exhausted his administrative remedies by submitting a request for compassionate release with his warden in October 2020.

1

1 | diabetes and hypertension, and is housed at FCI Victorville,
2 | which has had numerous inmates test positive for the coronavirus,
3 | including defendant.  Nevertheless, it appears that the Bureau of
4 | Prisons has been able to sufficiently treat his medical
5 | conditions, including his diagnosis of COVID-19.  Moreover, the
6 | defendant has made no showing that he would receive any better
7 | care outside of the Bureau of Prisons or that he would be better
8 | able to get a COVID-19 vaccination outside of federal custody
9 | than he would be in custody.

10 | Overall, defendant has not shown that his age and
11 | medical conditions, along with the COVID-19 pandemic qualify as
12 | extraordinary and compelling reasons for release under 18 U.S.C.
13 | § 3582(c)(1)(A) and U.S.S.G. § 1B1.13.  See, e.g., United States
14 | v. Williams, No. 2:13-cr-383 TLN, 2020 WL 3402439, *2 (E.D. Cal.
15 | June 19, 2020) (defendant's confinement at FCI Lompoc and
16 | diagnosis of hypertension along with other medical history and
17 | prevalence of COVID-19, was insufficient to show extraordinary
18 | circumstances under 18 U.S.C. § 3582(c)(1)(A)).

19 | As an additional reason for his release, defendant asks
20 | the court to consider that he would not have been subject to a
21 | mandatory life sentence if he had been sentenced today, due to
22 | the reclassification of a prior California conviction for
23 | possession for sale of marijuana from felony to misdemeanor.
24 | However, "[w]hen a state grants post-conviction relief to a
25 | defendant with respect to his state felony conviction, [federal
26 | courts] do not generally apply those changes retroactively for
27 | purposes of determining whether a federal sentencing statute's
28 | requirements are met."  United States v. Diaz, 838 F.3d 968, 972

(9th Cir. 2016).

California's reclassification of the crime of which defendant was convicted from a felony to a misdemeanor, long after his state and federal convictions became final, does not amount to an extraordinary and compelling reason to warrant reduction of defendant's sentence under the compassionate release statute.  Accord United States v. Hernandez, No. 13CR4467-JAH, 2020 WL 3051105, at *3-4 (S.D. Cal. June 5, 2020) (defendant sentenced as career offender based in part on prior marijuana conviction was not entitled to compassionate release due to California's reduction of that conviction to a misdemeanor).

IT IS THEREFORE ORDERED that defendant's motion for compassionate release (Docket No. 326), be, and the same hereby is, DENIED.

Dated:  February 10, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE