1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                          ----oo0oo----

11

12   UNITED STATES OF AMERICA,        No. 2:95-cr-20 WBS

13                Plaintiff,

14        v.                          ORDER

15   JUAN AGUILAR-CORTEZ,

16                Defendant.

17

18                          ----oo0oo----

19        Defendant Juan Aguilar-Cortez has filed a motion to

20   reconsider the denial of his motion for compassionate release

21   under 18 U.S.C. § 3582(c)(1)(A).  (Docket Nos. 326, 336, 337.)

22        Defendant's motion to reconsider only raises arguments

23   already asserted in his initial motion and already considered by

24   the court.  Thus, his purported inability to file a reply in

25   support of the initial motion within the court deadline set by

26   the court did not prejudice defendant because he does not present

27   any argument now which the court did not previously consider.

28        Similarly, the court's denial of his motion to appoint

                              1

counsel did not prejudice him because such assistance would not change the result of the motion.  The court recognizes that some courts have found that the First Step Act gives courts discretion to consider virtually any reason as a basis for compassionate release.  See, e.g., United States v. Brooker, 976 F.3d 228, 230 (2nd Cir. 2020).  However, given the language of 18 U.S.C. § 3582(c)(1)(A), which requires that a defendant demonstrate, among other things, that a reduction in sentence is consistent with applicable policy statements issued by the Sentencing Commission, and the lack of any Ninth Circuit authority to the contrary, this court continues to assess whether a sentence reduction is consistent with the applicable policy statements issued by the Sentencing Commission.  See 18 U.S.C. § 3582(c)(1)(A); accord United States v. Dvorak, 830 F. App'x 846, 847 (9th Cir. 2020) (citing U.S.S.G. § 1B1.13(1)(A) and affirming district court's denial of motion for compassionate release based on determination that the defendant had not demonstrated extraordinary and compelling reasons).

Here, California's reclassification of one of defendant's prior felonies from a felony to misdemeanor is not one of the bases for compassionate release listed by the Sentencing Commission or by the Bureau of Prisons.  Nor is it even remotely similar to any of the bases listed.  See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(1)(A).  The court recognizes defendant's contention that if he were sentenced today, he might receive a substantially shorter sentence.  Nevertheless, as this court previously explained, "[w]hen a state grants post-conviction relief to a defendant with respect to his state felony

1   conviction, [federal courts] do not generally apply those changes

2   retroactively for purposes of determining whether a federal

3   sentencing statute's requirements are met."  United States v.

4   Diaz, 838 F.3d 968, 972 (9th Cir. 2016).  Accordingly, the court

5   continues to reject defendant's contention that the

6   reclassification of his prior state conviction warrants

7   compassionate release.

8        The court also continues to reject defendant's

9   contention that his health condition, alone or in combination

10  with the reclassification of his prior felony conviction,

11  constitutes extraordinary and compelling circumstances warranting

12  compassionate release.  As discussed previously, it appears that

13  the Bureau of Prisons is properly treating defendant's medical

14  conditions.  Further, the court notes that COVID-19 vaccines are

15  becoming increasingly available, with the President recently

16  announcing that "[b]y the end of July, we'll have over 600

17  million doses, enough to vaccinate every single American."

18  Maureen Chowdhury, Biden: Covid-19 Vaccines Will be Widely

19  Available by the End of July, CNN.com, Feb. 16, 2021,

20  https://www.cnn.com/politics/live-news/joe-biden-town-hall-02-16-

21  21/h_dcc5457025a71bf4fbdd1d92d42bab35.

22       The court will not speculate as to when a vaccine will

23  be offered to defendant, but there is no reason to believe that

24  the general prison population will be vaccinated any later than

25  the majority of the public, and by all reports, the vaccines

26  available in the United States are extremely effective in

27  preventing moderate or severe COVID-19 infections.  Thus, in

28  effect, defendant asks to be permanently released from physical

3

1  custody based on a risk that will have been largely mitigated

2  before the end of the year, if not much earlier.  Under the

3  circumstances here, the court is unwilling to grant such a

4  request.

5          IT IS THEREFORE ORDERED that defendant Juan Aguilar-

6  Cortez's motion to reconsider (Docket No. 337), be, and the same

7  hereby is, DENIED.

8  Dated:  March 11, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4