UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:95-cr-20 WBS |
| Plaintiff, | |
| v. | ORDER |
| JUAN AGUILAR-CORTEZ, | |
| Defendant. | |

----oo0oo----

After this court denied defendant Juan Aguilar-Cortez's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and motion to reconsider, defendant appealed and the Ninth Circuit remanded the case for further consideration under the standard set forth in United States v. Aruda, 993 F.3d 797 (9th Cir. 2021).

Pursuant to Aruda, 993 F.3d at 802, the court recognizes that U.S.S.G. § 1B1.13 is not binding on this court, though it "may inform a district court's discretion for § 3582(C)(1)(A) motions filed by a defendant." See id.

1

Accordingly, the court considers the Sentencing Commission's policy statements, including U.S.S.G. § 1B1.13, in deciding the instant motion.

The court once again notes defendant's age[1] and various medical conditions including diabetes, hypertension, and his prior positive test for COVID-19, as well as the prevalence of COVID-19 at FCI Victorville, where he is housed.  However, the court finds that the Bureau of Prisons has been able to sufficiently treat his medical conditions, including his diagnosis of COVID-19.  Further, any risk defendant faces due to his age, medical conditions, and placement at FCI Victorville is greatly diminished by the availability of COVID-19 vaccines, which at this point have almost certainly been offered to defendant.  Ultimately, the court determines that defendant has not shown that his age and medical conditions, along with the COVID-19 pandemic, qualify as extraordinary and compelling reasons for release under 18 U.S.C. § 3582(c)(1)(A).

The court also once again determines that California's reclassification of one of defendant's prior felonies from a felony to misdemeanor does not constitute an extraordinary and compelling reason for release under 18 U.S.C. § 3582(c)(1)(A).  As this court previously explained, "[w]hen a state grants post-conviction relief to a defendant with respect to his state felony conviction, [federal courts] do not generally apply those changes retroactively for purposes of determining whether a federal

---

[1] Defendant identified himself as 63 years old in his original motion filed on November 13, 2020.  (Docket No. 326 at 1.)

2

sentencing statute's requirements are met."  (Docket Nos. 336, 338 (quoting United States v. Diaz, 838 F.3d 968, 972 (9th Cir. 2016).)  Under all the relevant factors, the court rejects defendant's contention that the reclassification of his prior state conviction warrants compassionate release, either alone or in combination with defendant's age, medical condition, and the COVID-19 pandemic.

IT IS THEREFORE ORDERED that defendant Juan Aguilar-Cortez's motion for compassionate release and motion to reconsider (Docket Nos. 326, 337), be, and the same hereby are, DENIED.

Dated:  January 12, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE