UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JUAN AGUILAR-CORTEZ,<br><br>　　　　Defendant. | No. 2:95-cr-20-01 WBS<br><br><br>ORDER |

----oo0oo----

　　　　Defendant Juan Aguilar-Cortez has filed a motion for reduction of his sentence under the First Step Act, which the government opposes. (Docket Nos. 351, 354.)

　　　　This is the fourth time the court has addressed a motion for compassionate release from defendant. The court denied defendant's first motion for compassionate release and motion to reconsider in 2021. The court found, among other things, that defendant's medical conditions, age, and the COVID-19 pandemic did not warrant compassionate release, and the court also considered defendant's argument that he would not be subject

1

1  to a life sentence if sentenced today, based on the
2  reclassification of a prior marijuana conviction from felony to
3  misdemeanor.  (Docket Nos. 336, 338.)  Those decisions were
4  vacated by the Ninth Circuit and remanded for further
5  consideration under the standard set forth in the intervening
6  decision in United States v. Aruda, 993 F.3d 797 (9th Cir. 2021).
7  (Docket No. 349.)
8          On remand, this court recognized that under Aruda,
9  U.S.S.G. § 1B1.13 was "not binding on the court, though it may
10 inform a district court's discretion for § 3582(c)(1)(A) motions
11 filed by a defendant."  (Docket No. 350 at 1-2 (quoting Aruda,
12 993 F.3d at 797).)  The court also determined once again that
13 reclassification of defendant's prior felony to misdemeanor was
14 not an extraordinary and compelling reason for release under 18
15 U.S.C. § 3582(c)(1)(A), noting that when a state grants post-
16 conviction relief to a defendant with respect to his state felony
17 conviction, federal courts do not generally apply those changes
18 retroactively.  (Docket No. 350 at 2-3 (quoting United States v.
19 Diaz, 838 F.3d 968, 972 (9th Cir. 2016).)  Overall, the court
20 found that compassionate release was not warranted under all the
21 relevant factors and considering all of defendant's arguments
22 regarding his age, medical condition, COVID-19, and the
23 reclassification of his prior conviction.
24         Defendant's most recent motion once again argues that
25 the reclassification of his prior conviction warrants
26 compassionate release, though it also emphasizes changes in
27 federal sentencing laws regarding mandatory minimum sentences
28 triggered by prior drug felony convictions under 21 U.S.C. § 851,

1    and the reduction in sentences for federal drug crimes generally.
2    The motion also discusses defendant's 28 years of imprisonment,
3    purported rehabilitation and good conduct, lack of violent
4    history, and the fact that defendant will be deported to Mexico
5    upon release.  Finally, the motion argues that society generally
6    believes sentences are too harsh, that longer prison sentences
7    have little deterrent effect, and that defendant poses no danger
8    to the community as a 65-year old.  Ultimately, defendant
9    requests a reduction of his life sentence to time served and his
10   immediate release.

11            The court recognizes that pursuant to the Supreme
12   Court's decision in Concepcion v. United States, 142 S. Ct. 2389
13   (2022), it must consider all of defendant's nonfrivolous reasons
14   for a reduction, including intervening changes of law.  United
15   States v. Carter, 44 F.4th 1227 (9th Cir. 2022) (noting that
16   Concepcion abrogated United States v. Kelley, 962 F.3d 470, 475
17   (9th Cir. 2020), which had held that the First Step Act did not
18   authorize a district court to consider post-conviction legal
19   changes outside of Sections 2 and 3 of the Fair Sentencing Act).
20   Accordingly, the court considers all of the arguments raised by
21   defendant in the instant motion.

22            Nevertheless, the court will deny the motion.  This was
23   not a simple possession of drugs case, nor did it simply involve
24   marijuana.  Defendant was convicted of conspiracy to distribute
25   methamphetamine, possession with intent to distribute
26   methamphetamine, possession with intent to distribute marijuana,
27   and being a felon in possession of a firearm.  The offenses in
28   this case involved over 3.7 pounds of methamphetamine in addition

1 | to 6.9 pounds of marijuana and a Smith and Wesson .44 caliber
2 | revolver.
3 |      When defendant committed the offenses in this case, he
4 | was a 37-year old career offender with two prior serious drug
5 | felonies and was on federal supervised release for an illegal
6 | reentry conviction -- thus prior, shorter sentences for those
7 | felonies did not deter him from committing further felonies.  As
8 | a result of his prior criminal history, defendant received
9 | concurrent mandatory life sentences.  While defendant largely
10 | ignores, or at least minimizes, the severity of his prior
11 | criminal history and the seriousness of the offenses in this
12 | case, the court cannot do so in resolving his motion for
13 | compassionate release.
14 |      While perhaps society's views on the appropriateness
15 | and efficacy of harsh sentences have changed, and the State of
16 | California has reclassified one of defendant's prior convictions,
17 | Congress has not chosen to make its changes in sentencing law
18 | retroactive or provide any specific relief for similar
19 | defendants.  Further, in the court's view, defendant's good
20 | conduct during incarceration, advanced age, partial completion of
21 | a lengthy sentence, and similar factors do not warrant a
22 | reduction in his sentence, as "Section § 3582(c)(1) was not
23 | enacted to provide courts with a mechanism to second-guess
24 | sentencing decisions made long ago."  See United States v. Logan,
25 | 532 F. Supp. 3d 725, 731 (D. Minn. 2021).
26 |      The court does have the authority to grant a sentence
27 | reduction based on a change in the law and the factors discussed
28 | by defendant under Concepcion, 142 S. Ct. 2389.  However, under

all of the relevant factors, including defendant's serious criminal history and the offenses in this case, the court finds that defendant has not met his burden of showing that a sentencing reduction is warranted in this case.

        IT IS THEREFORE ORDERED that defendant's motion for reduction of sentence pursuant to the First Step Act (Docket No. 351) be, and the same hereby is, DENIED.

Dated:  December 9, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5